Case of Shaw v. City of Norman, No. 22-6106. Counsel, you may proceed. Thank you, Your Honor. May it please the Court, Counsel Mr. Knighton, I would like to reserve two minutes for rebuttal. This case, as the Court knows, involves a high-speed pursuit in the city streets of Norman. As a result of that, a young man was injured, severely brain-damaged, permanently brain-damaged. His parents had to be able to take care of him from here on out. The District Court threw this case out on the motion, 12 v. 6 motion, by saying that there's not sufficient facts fled in this matter to indicate that we can get past the state-created danger theory in this matter. We disagree. We should be given opportunity to present those facts. The majority of these kinds of cases are resolved in summary judgment, not on a 12 v. 6 motion. Can I just ask you something about what you just said? So you brought a substantive due process claim. And I understand that at least part of that claim is based on a danger creation theory. But is there a more generalized substantive due process claim as well? Or are you relying strictly on danger creation? It's the danger creation, not the substantive due process. The issue was in the facts of the case. Well, I think we know the facts. OK. The pursuit is the issue. And did it create a different issue? If you look at the purposes of pursuit, the officer turns his red lights and siren on. He's protected. People have to move out of his way. He has to slow down. In this instance, there was a policy, do not pursue. The issue was, do not pursue for traffic violation. You are in a school zone. The officer had already tried to stop this person. And he let a little girl and ignored the officer, came to the door, or the school parking lot, pulled in the parking lot, stopped, let the girl out. They let her go. Officers were behind him, two units. And the officer walked up to him in his car. I think that's what's important. When the individual took off and fled, the officer elected to pursue him. And it's against policy. It was against the question. I mean, you're wanting us to apply a deliberate and different standard here on your substantive due process claim, rather than an intent to harm standard. And isn't what you need to show, or what you need to allege in your complaint, is that that officer, at the moment he made the decision to pursue, had time to deliberate? That's correct. And so I guess I'm not following your argument that everything that happened before the driver suddenly took off is relevant to what happened when the driver unexpectedly took off and the officer had to make that decision. How did the officer have time to deliberate at that point? Because he had his lights and siren, bleeping his lights, running his siren, before the individual came to stop. He had time to decide, what am I going to do if he doesn't stop? And he followed him all the way. That's not really the way it works, though. They don't anticipate. I mean, he's stopping this individual outside a school where he's just dropped off his child. And he's already gone up to the car. He's gone back to his vehicle. He's going to write him a ticket. Why would he anticipate that he would suddenly take off? Why would he have time to assume that he would? And I guess that's part of not getting. The issue is, can he anticipate? I mean, it's like every traffic encounter. Can he deliberate at that point? He can deliberate that. That's one of the things you are trained to do. You look at. Well, in any case, you could say, well, you had a chance to stop and think, but you didn't. And you could say that in any instance, in any case. But don't we have all kinds of cases like this, the high-speed chase through towns, where we've said, hey, there was no opportunity to deliberate. The officer was in pursuit of a fleeing suspect or felon or whatever the issue was. The deliberation was, what did he have in front of him? When he walked up to the car, yes, the guy could have taken off because he's walking up to the car. But where was he? He had to be significant. Well, but the decision is made when he takes off. That's the split-second decision, isn't it? What are you going to do? Stand there and say, well, you know, maybe Joe down the street will radio ahead, and maybe he'll see this car go by, and he can stop him. Is that what he was supposed to do? Is that what he was supposed to do? He's supposed to stop and understand what he's supposed to do. He needs to know what he's doing. Where he's at, that's part of the training. Where are you at? It's no different than shoot, don't shoot. What are you going to do? You're going to pull your gun out. On the instantaneous decision, I'm going to fire. That's what they're trained on. And you're saying the city has a policy here that is violated or a bad policy? How do we get the city into this? The city's into it because their policy was do not pursue. And apparently, the pursuits are allowed. And we believe the facts. If they keep continuing to do this, they're not trained to allow him to go in and get into this pursuit. The officer, his sergeant, called him on the radio and said, what kind of case do you have? So against the city, that it's a failure to train? And supervise. How do you get around the recent decision of this court in Mahdi versus Salt Lake Police Department, which is your most recent case? Your most recent case, and that was addressed, or I understand that the city presented that case. Mahdi is different in the respect that that was a pursuit that was ongoing. It was a gun battle going on at the time. It was a very serious situation. The difference between that, that was a critical situation where the officers were involved in a pursuit and a gun battle. A defender, in that case, ran into this guy's door and the shots went in and out. The damage to him was his. But counsel, here's what we said. Time to engage in actual deliberation means time to really deliberate. Actual deliberation means more than having a few seconds to think. It does not mean deliberation in the neurotechnical sense in which it has sometimes been used. Rather, it implies the luxury of having time to make unhurried judgments. How does, again, I just have to ask you, how do you get around that in this case? I understand you've got a factual distinction between your case and Mahdi. But in terms of what the court said there on what deliberation means, I'm not sure how you get around that. Well, in that case, that was ongoing. Now, I understand the factual distinction. But can you address the principles that the court articulated about what deliberation means? Well, deliberation means that you have to have sufficient training and decide what you're going to do in the process. There was sufficient time is that when the officer turned his back, walked back to the car, knew that he had that particular time to deliberate. How long does it take to deliberate? I think that's a factual question that we ought to be able to develop on an issue for summary judgment, not on a motion to dismiss. That means that every case, no matter what, unless you've got 20, 30 minutes is sufficient, or is it two to three seconds? Do you have sufficient time to deliberate when you pull your weapon and say, I've got to make a decision? I fear for my safety. What's going on? You're in a school zone. Little kids around. You know your surroundings. You're a daytime sergeant. You know people may potentially run every time you stop a car. Do they get out with a gun? What do you anticipate happening? The officer walked up to the car, had plenty of time to talk to him, engage in a conversation, had him on body cam, had the license plate to the truck, had everybody identified. So if he took off, which can happen at any second, what am I going to do? I'm anticipating, what is my next cause of action? Where am I? And I think those are the factual basis that the court should be able to consider to determine whether or not, did he have sufficient time? Otherwise, we just give him a blanket. No matter what, you've got to have plenty of time when you plan a pursuit. When it happens, there's no pursuit ever unless you get to plan it. Somebody may not stop. In this case, the officer determined this man was not a danger or threat, seriousness or anything else, regardless if he took off. He didn't know if he was late for work, didn't want his car impounded. There was an emergency that he had to run off to. He doesn't know. Let me ask you about another aspect of the danger creation claim. How was the victim here a member of a limited and definable group? That's an element of a danger creation claim. How do you satisfy that? That's a group, and it's a fluid group. I mean, it's the people that are in front of the path of this pursuit, and where is it going? Do you have a good case on a pursuit scenario where a court has recognized anyone in the path of the chase satisfies the definable group standard? I don't have a particular case right on point, but I think it's well known that human reaction or animal reaction is if you're chasing somebody, they flee out of fear. What goes on the back of the brain, I'm going. You quit pursuing them, they quit running. And so you're going to keep doing this in a town where the average speed limit's only 30 miles an hour. Most of it's 25 miles an hour. What does it take to identify the group? Had this guy run through a school zone and ran, lost control of his car, and killed five little kids standing out in the parking lot, why would you chase him to begin with, knowing that's the potential of what's going to happen? So in this matter, I think that this is a fact-driven case. The court should allow us to develop the facts and then decide what happened. Otherwise, we're always just saying, there's never a case that the court decided, and there's other cases that we identified in this thing, that we believe it's a deliberate indifference standard not intended to harm. How is your client part of a limited group? Isn't the group inclusive of anybody in the way of this chase? Yeah, it's a fluid, it moves. So that's not limited, is it? It's not limited, it's not focused? It's limited into the area of the city of Norman and during that area of the pursuit. That's big. Well, I'm not sure how you can identify it's a small person or one person entity. The idea is, where are the limits on pursuit? Where's the limits on police conduct? How do you control police conduct? If this way, we give them a blanket check and say, always run. Sacramento v. Lewis was written 25 years ago. Today's world's changed. You can identify people instantaneously. We got dash cam video, we got body cam video, we've got ability to identify. But it's still precedent. What? But Sacramento v. Lewis is still our precedent. It's still precedent. I'm not asking you to overrule it. I'm just saying that we have to put it in context and develop the facts in this case. It's Supreme Court precedent is the problem that you have. Would you agree that even if the standard is deliberate indifference instead of intent to harm, you also have to show shocks to the conscience for your substantive due process claim? Correct. So the other issue, I've got a few seconds left of my reserve time. This case was removed. We had a valid tort claim that the court wanted to send that back to the state court. And the court was very clear. There's no prejudice to either party. We refiled that claim in state court. The city filed a motion to dismiss, saying there was a two dismissal rule. We think that that was improper. We asked the court to remand this. So it could either be transferred to the federal court coherence, instead of precluding forever having not been able to pursue our valid tort claim. Wait a minute. Transfer what to where? Transfer this case to state court? No, the tort claim should just, we're asking the court to review this and send it back to the federal court to hear our federal cause of action. What authority does the district court have to do that? Well, the court said it could retain its jurisdiction if there was some type of prejudice to the parties. The court was not advised of any prejudice. We were unaware of it until the case was filed. The motion to dismiss was filed back in state court when we refiled the tort claim in state court. Now I'm just asking for a rule or a statute or something. What we filed fell in 1367, or 147, the statute number, sorry. The court can remand this back. A removal case is usually automatic. But we cited that in our artist case. Thank you, counsel. Thank you. May it please the court, Ricky Joe Knighton II on behalf of Appellees, the City of Norman, officers Michael Lauderback and Jason Brackage. This case arises out of an unfortunate automobile accident between plaintiff Austin Shaw and former defendant Jimmy Henson. The accident occurred as Mr. Henson was attempting to escape an investigative detention. In their second amended complaint, the plaintiffs named the City of Norman and Officer Lauderback as defendants and alleged four counts. Count number one alleges equal protection and substantive due process against Officer Lauderback. Count two alleges a claim against the City of Norman under Monal versus Department of Social Services of the City of New York. Count number three alleges substantive due process and equal protection claims against the city. Count number four alleges a negligence claim against the city under state law. After granting plaintiffs leave to amend their first amended complaint, the district court dismissed plaintiff's federal claims with prejudice and plaintiff's state law claim without prejudice. The district court's ruling should be affirmed because plaintiff's second amended complaint fails to stay claimed under federal law and because they are not entitled to the relief they seek under state law. A couple of the facts or allegations that I think deserve consideration or discussion at this point in time. The first involves the question with regard to the city's policy. Plaintiff has maintained that the city has a policy not pursuing for traffic violations. But if you look at plaintiff's second amended complaint carefully, you will see that their allegations on that fact conflict. In particular, paragraph 41 of their second amended complaint alleges simple minor traffic violations which were prohibited by policy from being the subject of the pursuit. Paragraph number 76, they allege the current policy of the city police department states members of the police department will not pursue for traffic infractions. And then finally, subparagraph D of paragraph 120 states prior to January 2018, the city's policy regarding traffic stops in school zones did not prohibit initiating a pursuit over a minor traffic violation. When a court is faced with those types of conflicting allegations, it is not required to presume that they are true when ruling on a 12B6 motion to dismiss. Which one was correct? Not part of their allegations, Your Honor, but the part that is correct is prior to January 2018, the city did not have a policy that prohibited police officers from chasing or initiating a pursuit regarding what plaintiff describes as minor traffic violations. Is there a distinction between pursuing someone who doesn't pull over for a minor traffic violation on the one hand, which is not this case, and pursuing someone who has been pulled over, stops been made, the officer goes back to the patrol car, presumably to write a ticket, and the driver just takes off? Do any of these policies address that situation? That's the distinction that the defendants would make with regard to this particular issue, that pursuing for traffic essentially is, as the court noted, an officer pulls up behind someone, they've observed a traffic violation, they put on their lights and siren, that person flees, refused to stop, that would be pursuing for a traffic violation. In this case, again, as the court noted, the factual allegations show that Mr. Henson had actually pulled over and stopped. The officer talked to him, got information, he believed Mr. Henson did not have any identification. Gave him some information, the officer goes back  and that's when Mr. Henson decided to flee. Under Oklahoma law, specifically 210S section 444, prohibits an individual from fleeing or attempting to escape an investigative detention. And as this court knows, that's what a traffic stop is. Not a full-blown arrest. Under the court's authority or prior authority with regard to those types of seizures, they are considered to be investigative detentions as opposed to a full-blown arrest. In this particular case, that is exactly what happened. Mr. Henson, after initially stopping, again, attempted to flee from that investigative detention, which resulted in the pursuit. So even if the city's policy at the time of this pursuit, which was January 2018, was that officers could not pursue for a minor traffic infraction, this case does not involve a pursuit over a minor traffic infraction. It involves a pursuit over an escape from an investigative detention. Plaintiffs also mentioned a little bit about the issue of this pursuit occurring through a school zone and made the specific statement, I believe, that if you quit pursuing, then that means that the person fleeing is going to stop fleeing. The US Supreme Court addressed that issue in Scott versus Harris. Toward the end of its decision, it talked about what happens. Can we resolve these issues by just simply stopping to pursue? And what the court first noted was, just because you stop pursuing someone doesn't mean that they're going to stop fleeing, because there's no way to convince that person that they're free to go. They may believe that maybe the police know a shortcut, or maybe there are other police officers down the road that are going to try to intervene. So the court specifically noted that it's not certain that just because you stop pursuing, that means this person is going to stop driving recklessly or attempting to escape. The court further was hesitant to lay down a rule that would essentially incentivize driving recklessly during a pursuit. In other words, if people being pursued knew that, hey, if I just drive recklessly, if I pull over into the other line of traffic and put some other people in jeopardy, that maybe that would cause this officer to have to stop pursuing me. So the court was hesitant to establish that rule that essentially would allow people who are attempting to escape to drive recklessly with the hope that that would cause the police to call off the pursuit. The same would be true in this case with regard to this issue about school zones. I think it's important to note, there are no facts in this case that show that this accident occurred in a school zone. There are no facts in this case to show that Mr. Austenshaw was a person who would have been protected by those rules that require us to drive a little bit more carefully in school zones. But notwithstanding that, if the court were to establish a bright line rule that prohibited officers from pursuing people when that pursuit might go through a school zone, I think that incentivizes people to look for school zones. If I'm fleeing from an officer, if I find a school zone, that means that this chase has to be called off and I'm free to go. Again, in this case, there are no facts that the accident occurred in those school zones. And therefore, I think the Scott versus Harris language would militate against a bright line rule that prohibited those types of officers from chasing people, assuming that chase might go through a school zone. Under their substantive due process claim, plaintiffs advanced two theories. And I think the court was asking this question early. They advanced a deliberate indifference theory, and they also advanced a state-created danger theory of liability. The district court's ruling regarding plaintiff's deliberate indifference theory of liability should be infirm, because the fact of allegations in plaintiff's second amended complaint failed to state a claimant of this theory. And of course, the protections against governmental arbitrariness is at the core of that deliberate indifference standard, but only the most egregious abuses of executive power will be found to shock the court's conscience. The court mentioned Mahdi versus Salt Lake Police Department, which is a 2022 decision from this court, where the court specifically stated that it applies the intent to harm standard to resolve substantive due process issues arising from police motor vehicle pursuits. Here, the district court's ruling with regard to plaintiff's deliberate indifference theory of liability is consistent with this court's pronouncement in Mahdi. And therefore, that decision should be affirmed. However, plaintiff seems to be arguing that the district court erred by not further considering the fact of allegations under the deliberate indifference standard. In this particular case, plaintiffs cite Green versus Post, which is a 2009 decision from this court, where the court did alternatively evaluate the factual allegations in that case under the deliberate indifference standard. And Green involved a crash between a police officer who was traveling at a high rate of speed through a yellow light. He crashed into another motorist attempting to make a left-hand turn. Unfortunately, that motorist passed away. The motorist estate filed an action alleging a substantive due process claim. And the court ultimately determined, while it may have been negligent for the officer to proceed through that yellow light with no lights and no siren in pursuit of a non-fleeing motorist, it could not say that the facts constituted more than just negligence. The same would be true here. This case is a little bit different from Green in that I believe that the circumstances were much more serious than the facts in Green. I mean, yes, in Green, that officer was chasing someone who alleged to have stolen $30 worth of gas from a gas station. This case, if you were to apply the deliberate indifference standard under Green, I don't think there's any doubt whatsoever that the facts in this case would meet that standard. With regard to plaintiff's state-created danger theory of liability, I think the court was correct in noting the district court determined the plaintiff did not identify a limited and specifically definable group. Also, the district court found that it had already found under the substantive due process claim regarding deliberate indifference that the officer lauderback's conduct was not conscious-shocking. Defendant's position in this case is that the district court's ruling with regard to that theory should be affirmed. Well, counsel, why wouldn't the category of innocent bystanders along the chase route be sufficiently definitive for purposes of a danger creation claim? I mean, there may be other reasons the claim might fail, but why wouldn't that be enough? I think the difficulty with regard to that has to do with, of course, under the state-created danger theory of liability, if it's specific and limited, essentially saying anybody along this route being part of that class is almost the same as saying the general public is part of that group. Well, no. The general public wouldn't all be on the chase route. It would be the people who are actually on the street or in their cars. We're probably not talking about a large number during the course of the chase. They may not all be identifiable by name, but why wouldn't that be a legitimate category? I think the difficulty with applying it in that manner is officers are not the ones that are determining what the route is with regard to a particular chase. So if you say everyone along the chase route, the chase route's going to change depending upon what that particular fleeing individual, what route he chooses to take. If he chooses to go left, it's going to be one set of people. If he chooses to go right, it's going to be another set of people. So if we're looking for and trying to specifically limit that class and define it, using that particular metric would cause significant difficulty with regard to whether the class is specific and whether it's limited. And again, we have looked for, have not been able to find any cases to support plaintiff's assertion that people along a route of somebody who is fleeing the police satisfy the criteria with regard to being specific and limited. With regard to plaintiff's claim under equal protection, again, plaintiffs are required to establish that they're treated differently from others that are similarly situated. Initially, plaintiff compared himself to other motorists, and the district court correctly determined that that's not similarly situated. Those aren't similarly situated people that were treated differently. Plaintiffs amended complaints specifically, compared himself to those other motorists, and essentially put plaintiff in the same category as those particular motorists. On appeal, plaintiffs compare themselves to Mr. Henson for Fourth Amendment purposes with the argument that, well, Mr. Henson, because he had Fourth Amendment protections with regard to being seized or the amount of force that could be used to seize him, that somehow that makes plaintiff Henson different, or somehow he was treated differently than Mr. Henson. The city's position or defendant's position in that case is, Officer Lutterbeck had probable cause to seize Mr. Henson. He did not have probable cause to seize Mr. Henson. And that's the comparator, is with the plaintiff and Henson. Correct. Officer Lutterbeck had probable cause to seize Henson. He did not have probable cause to seize Mr. Shaw. And therefore, those are not similarly situated. Plaintiff cites two cases. Those cases are distinguishable. Finally, on their state law claim, they're not entitled to the relief they seek. Under 28 U.S. Section 1440, subsection A, a federal court has the ability to transfer a case to another federal court. That statutory provision does not exist. For the reasons stated in Defendant's Brief-in-Chief and during oral argument, the decision of the district court shall be affirmed. Thank you. Thank you, counsel. We have about a minute of rebuttal time. Thank you. Real briefly, the one issue that the city stated is that the parents had no reason to bring this case under a tort claim act under state law. The court, the district court ruled that they did, and we would have been able to do that. What the result of this has been is that we end up with claim splitting, and we were supposed to bring all claims that are related in one case. So we brought the federal claim and the state claim together. The city asked for relief and said we're not entitled to bring the state claim. And the federal court ruled it did not have that. The federal court was unaware that when we took it back to state court, the city would claim a twice dismissal rule, and we're now forever precluded from appearing in a state court. And your option there, of course, is to appeal that state court decision. We have, and the state court has currently, the court of appeals has upheld that, and that's pending on a petition for review. And so we're without any relief at this point. Thank you for your time. Thank you. Thank you, counsel. The case will be submitted. Counsel are excused. Thank you.